WARNE *against* CONSTANT, Sheriff, &c.

A prisoner in execution having given security for the liberties, resided with his family within the gaol limits, and having afterwards obtained a writ of *supersedeas*, which was delivered to the sheriff, demanded his discharge, which was refused by the sheriff, unless his poundage fees were paid. He afterwards continued to reside within the limits for two or three months, and brought his action for false imprisonment against the sheriff. It was held, that after the *supersedeas*, no formal discharge from the sheriff was necessary, and that the party having continued within the limits voluntarily, under a mistaken apprehension that such a discharge was requisite, no action would lie against the sheriff.

THIS was an action of *trespass* and *false imprisonment*. The cause was tried at the sittings in *New-York*, on the 4th *June*, 1806, before Mr. Justice *Thompson*.

The plaintiff proved, upon the trial, that between *February* and *May*, 1804, having been arrested by the defendant on a *ca. sa.* at the suit of one *Frederick De Peyster*, he executed a bond, according to law, for the *gaol liberties*, and resided with his family within the limits. The defendant returned the plaintiff in custody on the *ca. sa.* On the 11th of *May*, 1804, a *supersedeas* to that writ from this court, was delivered to the sheriff, and a discharge of the plaintiff requested, which the defendant refused, unless the *poundage fees*, on the *ca. sa.* were paid to him. On the 12th of *May*, this court awarded a writ of *habeas corpus*, on an affidavit that the plaintiff was not discharged on the *supersedeas*. To this *habeas corpus* the defendant returned, on the 15th of *May*, that, on the 18th of *February*, the plaintiff had been committed to his custody by a *ca. sa.* and that he still remained in his custody, for his fees due on the said execution. The court, upon reading the return, ordered the plaintiff to be discharged. The plaintiff, after this order, remained in the limits, with his family, for two or three months, and he never personally demanded

his discharge, though it was demanded by his attorney on record. The counsel for the defendant objected, that an action of trespass and false imprisonment would not lie, but that if any suit could be maintained, it must be *trespass on the case.*

ALBANY,
February, 1809.

Warne
v.
Constant.

The judge ruled, that the plaintiff, being upon the limits, at liberty to go at large if he chose to risk a suit upon his bond, and subject to no other restraint, could not maintain this action, and ordered the plaintiff to be nonsuited. A motion was made to set aside the nonsuit.

The cause was submitted to the court, without argument.

YATES, J. delivered the opinion of the court. The only question presented for the consideration of the court is, whether the situation of the plaintiff, while thus residing with his family, within the liberties of the gaol, can be deemed such a restraint as to constitute *false imprisonment*, and, consequently, enable him to sustain this action.

The bond given by him for the *gaol-liberties*, under the statute, could only continue operative, so long as the authority, by virtue of which he was at first confined, and on which the bond is grounded, remained in force. The delivery of the *supersedeas* to the defendant destroyed the further operation of the *ca. sa.* and with it, the necessity for, or further effect of the security, so that the plaintiff was thereby virtually and legally discharged from imprisonment, and might, immediately thereafter, have left the *gaol-liberties*, without risking any thing, had he been so disposed, nor could the sheriff legally have prevented his departure.

It must be presumed, that the plaintiff applied for the *supersedeas* to the court, and consequently knew when it issued. With full notice of his situation, he now seeks damages from the sheriff, for ignorantly continuing within the gaol-liberties.

ALBANY,
February, 1809.

It does not appear, that, during this time, he attempted to leave the *liberties*, but continued there under the mistaken impression, that he could not depart without a formal discharge from the defendant, as sheriff. Had such an attempt been made, and frustrated by violent measures on the part of this officer, such conduct would have subjected him to the responsibility now sought for, and the present action might then, perhaps, have been properly sustained; but as nothing more appears than a refusal by the sheriff, on the application of the attorney, to give him a discharge, which was *not necessary*, from a confinement, without any violence or coercion to detain him, and merely *ideal*, we are of opinion, that the judge properly ruled, that this restraint, under all the circumstances, was not sufficient to sustain the action, and that a judgment of nonsuit must be entered.

Judgment of nonsuit.